| | |
|---|---|
| 1 | SEYFARTH SHAW LLP |
| 2 | Julia N. Sarnoff (SBN 288531)<br>jsarnoff@seyfarth.com |
| 3 | 975 F Street N.W.<br>Washington, D.C., 20004 |
| 4 | Telephone:  (202) 463-2400<br>Facsimile:   (202) 828-5393 |
| 5 | Attorneys for Defendant |
| 6 | 51 ST ST. & 8TH AVE. CORP. |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE BARTICK, an individual,<br><br>Plaintiff,<br><br>v.<br><br>51 ST ST. & 8TH AVE. CORP., a New York corporation; and DOES 1-10,<br><br>Defendants. | Case No. '22CV0275 MMA MDD<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**<br><br>(San Diego Superior Court Case No. 37-2022-00002779-CU-CR-NC)<br><br>Complaint Filed: January 24, 2022 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant 51st St. & 8th Ave. Corp. ("Defendant") hereby removes the above-referenced action filed by Plaintiff Michelle Bartick ("Plaintiff") (collectively the "Parties") in the Superior Court of the State of California for the County of San Diego, to the United States District Court for the Southern District of California, pursuant to 28 U.S.C. §§ 1441 and 1446, asserting original federal jurisdiction under 28 U.S.C. § 1331, to effect the removal of this action, and state that removal is proper for the reasons set forth below.

## BACKGROUND

1. This removal involves a lawsuit that was filed by Plaintiff on January 24, 2022 in the Superior Court of the State of California for the County of San Diego, entitled *Michelle Bartick v. 51st St. & 8th Ave. Corp.*, Case No. 37-2022-00002779-CU-CR-NC. *See* Declaration of Julia N. Sarnoff ("Sarnoff Decl") at ¶ 3.

2. The Complaint asserts two claims for relief against Defendant: (1) violation of Title III of the Americans with Disabilities Act ("ADA")—42 U.S.C. § 12182, and (2) violation of the Unruh Civil Rights Act—Civil Code §§ 51, 52. *See* Sarnoff Decl. at ¶ 4 and Exh. A thereto.

## TIMELINESS OF REMOVAL

3. Plaintiff personally served Defendant with the Complaint on January 31, 2022. *See* Sarnoff Decl. at ¶ 5.

4. As such, this Notice of Removal is timely as it is filed within thirty (30) days "after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." *See* 28 U.S.C. § 1446(b)(1).

## GROUNDS FOR REMOVAL

5. This Court has original jurisdiction over actions involving one or more federal questions. *See* 28 U.S.C. § 1331 (conferring original jurisdiction upon federal courts for actions arising under the laws of the United States). Further, this Court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original [federal question] jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a).

6. Plaintiff's first cause of action in the Complaint seeks remedies under Title III of the ADA—a federal statute codified at 42 U.S.C. §§ 12181, *et seq*. *See* Sarnoff Decl. at ¶ 4 and Exh. A thereto (Complaint pp. 19-22). This action therefore presents a federal question over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331.

7. Plaintiff's remaining claim is asserted under California's Civil Code §§ 51, 52 (Unruh Civil Rights Act) based on an alleged failure to provide full and equal access to Defendant's services and accommodations at the Loews Coronado Bay Resort, in violation of the ADA. *See* Sarnoff Decl. at ¶ 4 and Exh. A thereto (Complaint pp. 22-25).

8. Accordingly, this Court has supplemental jurisdiction over Plaintiff's state law claim as it arises from, relates to, and emanates from the same alleged ADA violation, and is so related that it forms part of the same case or controversy pursuant to 28 U.S.C. § 1367(a).

## VENUE

9. Venue lies in the United States District Court for the Southern District of California pursuant to 28 U.S.C. §§ 84(c)(2) and 1391. This action originally was brought in the Superior Court of the State of California for the County of San Diego, which is located within the Southern District of the State of California, and the allegations in Plaintiff's Complaint occurred in the County of San Diego.

## NOTICE OF REMOVAL

10. This Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California for the County of San Diego.

11. In compliance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Defendant, including the Summons and Complaint, are attached as Exhibit A to the Declaration of Julia N. Sarnoff.

12. The undersigned, as counsel for Defendant, has read the foregoing and signs this Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

WHEREFORE, Defendant 51st St.& 8th Ave. Corp. prays that the above action pending before the Superior Court of the State of California for the County of San Diego be removed to the United States District Court for the Southern District of California.

| | | |
|---|---|---|
| 1 | DATED: March 1, 2022 | Respectfully submitted, |
| 2 | | SEYFARTH SHAW LLP |
| 3 | | |
| 4 | | By: /s/ Julia N. Sarnoff |
| 5 | |      Julia N. Sarnoff |
| 6 | | Attorneys for Defendant<br>51 ST ST. & 8TH AVE. CORP. |

# CERTIFICATE OF SERVICE

STATE OF CALIFORNIA            )
                               ) SS
COUNTY OF SAN DIEGO            )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 601 South Figueroa Street, Suite 3300, Los Angeles, California 90017-5793.

On **March 1, 2022**, I served the within document(s):

**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**

[X] by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

| | |
|---|---|
| Anoush Hakimi (SBN 228858)<br>anoush@handslawgroup.com<br>Peter Shahriari (SBN 237074)<br>peter@handslawgroup.com<br>Laura Steven (SBN 332168)<br>laura@handslawgroup.com<br>Kyle Wilson (SBN 323888)<br>kyle@handslawgroup.com<br>Reha Singh (PL-512467)<br>reha@handslawgroup.com<br>THE LAW OFFICE OF HAKIMI & SHAHRIARI<br>1800 Vine Street<br>Los Angeles, CA 90028<br>Telephone: (888) 635-2250<br>Facsimile: (213) 402-2170 | Attorneys for Plaintiff<br>MICHELLE BARTICK |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **March 1, 2022**, at Los Angeles, California.

*Alicia Guillen* (signature)
_____
Alicia Guillen